IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MINNIE PEARL JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) 2:06-CV-00906-ID-DRB |
| TROY BANK & TRUST COMPANY | ) |
| Defendant. | ) |

## ORDER TO AMEND DEFICIENT COMPLAINT

By ORDER filed herewith, the court has granted Plaintiff's *motion* for leave to proceed *in forma pauperis* (Doc.2). **Because the Complaint docketed on October 6, 2006, does not invoke federal jurisdiction, it is due to be dismissed.** In deference to the Plaintiff's evident status as a non-lawyer,[1] the court deems it appropriate to delay service of the Complaint in order to provide an opportunity for an amended complaint. Accordingly, the Plaintiff is INSTRUCTED to read carefully and to comply with the specific guidance provided herein.

1. **Deficiencies in the complaint**

Federal courts are courts of limited jurisdiction. In the absence of claims involving diverse citizens on matters involving the requisite amount in controversy, a Plaintiff's complaint in federal court must demonstrate a cause of action which arises under the United States Constitution or federal laws.

Plaintiff identifies herself as an Alabama citizen, residing in Troy, and purports to state a claim against Troy Bank & Trust Co., presumably a corporate Alabama citizen, for "relief on the sum of $9,600.60" and "judgment...in the amount of $70,000.00. Because diversity of citizenship is patently lacking, her Complaint must state a claim arising under federal laws or the United States

---

[1] *See, e.g., Wright v. Butts,* 953 F.Supp. 1343, 1347 (M.D.Ala.1996), *citing Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176 (1980) ("While the allegations in the complaint are somewhat muddled, the court recognizes that *pro se* complaints are subject ... 'to less stringent standards than formal pleadings drafted by lawyers....'")

Constitution.

Plaintiff alleges that the bank violated her civil rights on three occasions in September 2006, but provides no statement of facts from which this court or the Bank can discern a violation of any civil rights or constitutional rights secured by federal law. Instead, she claims in wholly conclusory terms "discrimination and target, fraudulent, because of [her] education, being a disable person, and sex as a female." Construing liberally her allegations, it appears that the claim targets two male loan officers at the Bank, who purportedly "use[d] their ability and discretion. ..to cheat..or attempt to cheat [Plaintiff] with a two party check." Plaintiff charges that the Bank "with the intent to deceive [her] by not rewritting[sic] the check, and charging [her] interest and finance charges that have been apply [sic] tp [her loan account." **Plaintiff does not disclose the nature or her disability or allege how loan officers infringed any rights or remedies secured by federal law for persons suffering from disabilities; similarly, except for identifying her gender and the gender of the loan officers, the Complaint does not state a gender discrimination claim for which relief can be given in this court.** If it is Plaintiff's intent to allege either claim of discrimination, she is encouraged to seek legal advice before attempting any amendment.

### 2.  Reasonable Limits on Access to Federal Court

The privilege of filing a federal court lawsuit without prepayment of filing fees properly acknowledges a "right of access to courts" which is constitutionally secured for all American citizens. The privilege is subject, however, to valid and reasonable limitations designed not only to conserve limited judicial resources but also to prevent abuse by unlearned laymen who may be tempted to seize the privilege as a license for limitless or mis-guided forays into federal court with bootless claims and grievances unresolved in other forums or for which there simply is no remedy.

Frivolous or malicious lawsuits duties against any defendants – corporate, public, institutional, or individual – automatically result in inconveniences, burdens, and costs, associated with defense even to the extent of securing dismissal from the action. Thus, **even a *pro se* plaintiff has an obligation under Fed.R.Civ.P.8(a) to provide "a short and plain statement of the claim showing that [she] is entitled to relief";** this duty imposes a requirement that such a plaintiff include, at minimum, a statement of the acts or omissions – as well as pertinent dates and places for any relevant occurrences – of <u>each named defendant</u> who is alleged to have violated any federal

constitutional *or statutory rights*, together with a concise summary of the manner in which the named defendant accomplished the alleged violations.

### 3. <u>Compliance with Rule 11, Federal Rules of Civil Procedure</u>

*Pro se* litigants are also bound to honor Rule 11 of the Federal Rules of Civil Procedure, which provides in pertinent part at Rule 11(b):

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
>   (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
>   (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
>   (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

*A plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting* "an inquiry reasonable under the circumstances" in order to inform her "knowledge, information, and belief" about the merits of the lawsuit. Rule 11(c)(2) provides:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

### 4. <u>Judicial Duty to Dismiss Deficient Complaint</u>

*Pro se* litigants who are permitted to proceed in federal court without paying a filing fee are subject to Title 28 of the United States Code at Section 1915, and this court has a duty to comply with Section 1915(e)(2), subsection(A) and subsection (B), wherein it is provided that the court

shall dismiss the case at any time if the court determines (A) that the allegation of poverty is untrue, or (B) that the action ( i ) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**5. Litigants desiring to advance civil claims of the nature contemplated in this action are not entitled to appointment of counsel for legal representation, and this court has no available funds or authorization to make any such appointments.** This Court cannot and will not act as counsel for the plaintiff, who is advised hereby that while his intentions may be good, it is clear to this court that he is unable to represent herself competently in these federal actions which require even licensed lawyers to be competent in various procedural and substantive laws unique to the federal court. *Plaintiff is encouraged to seek consultations – which may be available without cost – with competent lawyers about the merits of this action.*

**PURSUANT TO THE FOREGOING NOTICE OF, AND INSTRUCTIONS REGARDING, THE JURISDICTIONAL DEFECT IN HER COMPLAINT,** it is

**ORDERED that Plaintiff file by November 7, 2006, any amended complaint which asserts a valid cause of action for which relief can be granted in this federal court.** If Plaintiff fails to do so, the court will interpret the failure as an abandonment of this action and proceed to recommend that it be dismissed for lack of federal jurisdiction.

The Clerk is REMINDED that the Complaint shall not be SERVED pending review of any Amended Complaint.

DONE this 16th day of October, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE