IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MINNIE PEARL JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:06-CV-00906-ID-DRB |
| ) | WO |
| TROY BANK & TRUST COMPANY ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Because the *pro se* complaint, as amended, still fails to invoke the jurisdiction of this federal court, the Magistrate Judge now recommends DISMISSAL prior to service of the complaint, pursuant to 28 U.S.C. § 1915. Notwithstanding the Clerk's compliance with the court's instructions to delay service of the complaint, the sole defendant – apparently having been served directly by the Plaintiff – responded with a *Motion to Dismiss* which underscores jurisdictional deficiencies. The *Motion* is due to be denied as mooted by the Order allowing the Plaintiff to file an amended complaint.

### I. BACKGROUND

Upon referral of the *pro se* Complaint filed by Minnie Pearl Johnson ("Johnson") on October 6, 2006, the undersigned Magistrate Judge determined readily that it failed to invoke federal jurisdiction. In lieu of recommending immediate dismissal, in deference to the unrepresented plaintiff's evident status as a non-lawyer, the court directed the Clerk to delay service pending review of any amended complaint; in the same order, the court gave notice to Johnson of the deficiencies in her Complaint as well as an overview of applicable rules and requirements for her guidance. To explain why the Complaint could not be sustained in federal court absent a curative amendment, the court advised:

> Plaintiff identifies herself as an Alabama citizen, residing in Troy, and purports to state a claim against Troy Bank & Trust Co., presumably a corporate Alabama citizen, for "relief on the sum of $9,600.60" and "judgment...in the amount of $70,000.00. Because diversity of citizenship is patently lacking, her Complaint must state a claim arising under federal laws or the United States Constitution.
>
> Plaintiff alleges that the bank violated her civil rights on three occasions in September 2006, but provides no statement of facts from which this court or the Bank can discern a violation of any civil rights or constitutional rights secured by federal law. Instead, she claims in wholly conclusory terms "discrimination and target, fraudulent, because of [her] education, being a disable person, and sex as a female." Construing liberally her allegations, it appears that the claim targets two male loan officers at the Bank, who purportedly "use[d] their ability and discretion. ..to cheat..or attempt to cheat [Plaintiff] with a two party check." Plaintiff charges that the Bank "with the intent to deceive [her] by not rewritting[sic] the check, and charging [her] interest and finance charges that have been apply [sic] tp [her loan account." **Plaintiff does not disclose the nature or her disability or allege how loan officers infringed any rights or remedies secured by federal law for persons suffering from disabilities; similarly, except for identifying her gender and the gender of the loan officers, the Complaint does not state a gender discrimination claim for which relief can be given in this court.** If it is Plaintiff's intent to allege either claim of discrimination, she is encouraged to seek legal advice before attempting any amendment.

(Doc 5, Oct. 16, 2006)

Apparently responding to notice from Johnson of her complaint, the Defendant Troy Bank and Trust Company ("Troy Bank") filed on October 20 its Motion to Dismiss, challenging the existence of either diversity or federal question jurisdiction. (Doc. 6) On October 24 Johnson filed timely her Amended Complaint with two attachments: (a) a typed and signed, one page letter, dated September 29, 2006, from Johnson to Troy Bank, on which the certified mail receipt has been copied, and (b) a copy of a $1,087.64 "official check" made payable to Johnson by the Bank on August 29, 2006. (Doc. 7) Indicating her desire to add two loan officials as defendants – John Parker and Jeff Kervin – Johnson describes as follows her substantive complaint [reproduced verbatim without editing or references to the need therefor):

> On or about August 29, 2006, Plaintiff Minnie Pearl Johnson, inter into a contract with the

>Defendant Troy Bank & Trust Company, John Parker, as a result later Troy Bank & Trust Company did not abide by their contract. Which result in bad faith failure to pay, federal laws 29 USCS-1461.
>
>On September 22, 25, 27, 2006, Defendants John Parker, and Jeff Kervin, while acting in the line and scope of his agency and or employment, fraudulent, negligently, and cheat Plaintiff Johnson or attempting to cheat her with a two party check that the Defendants authorized at Troy Bank & Trust Company, as a result Bank kept Plaintiff Johnson titles to her cars. The check was suppose to be use for fixing of one of the car in the amount of $1,087.64. As a result Plaintiff Johnson, car did not get fix, because the mechanic claim that he could not fix it, and the Defenant did not want to write another check. Violated federal laws 15 USC 1692(F)(1) prohibits collecting what is not owed . . . while attempting to enforce a fraudulent agreement may violate other laws, 15 U.S.C. sec. . . .
>
>Defendants John Parker and Jeff Kervin, discriminated, and target Plaintiff Johnson, because she is a female, and has lack of education and she is a disable person drawing social security check, which constitution Plaintiff Johnson rights under Amendment IV,.

(Doc. 7-1, ¶¶ 4-6).

## II. DISCUSSION

Notwithstanding misplaced references to federal statutes, the Amended Complaint by Johnson, an Alabama citizen, against the non-diverse defendant Bank, sounds entirely in state contract and tort (negligence and fraud) law. The sole foundation of her purported causes of action is a bank transaction involving a two-party check which the Bank refused to re-write. Johnson adds wholly conclusory allegations impugning to the Bank a discriminatory motive based on her gender, lack of education, or receipt of social security disability. Such unembellished conclusions of law cannot substitute for facts from which this court can evaluate its jurisdiction. Federal question jurisdiction is plainly lacking.

## III. CONCLUSION

_____It is, therefore, the **Recommendation of the Magistrate Judge, that this action, be dismissed prior to service of process,** pursuant to 28 U.S.C. § 1915, **and without prejudice** for lack of subject-matter jurisdiction. The Magistrate Judge also recommends that Defendant's Motion

to Dismiss (Doc.6) be denied as mooted by the ORDER (Doc.5) granting the opportunity for an amended complaint.

**It is further ORDERED that Plaintiff file any objections to this Recommendation not later than November 20, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE THIS 6th day of November, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE